**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-5248**

───────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

BRAD EVERETT FORD,

              Defendant – Appellant.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.   Samuel G. Wilson, District Judge.  (5:07-cr-00061-sgw-1)

───────────

Submitted:  October 6, 2010        Decided:  November 30, 2010

───────────

Before NIEMEYER, GREGORY, and KEENAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Charles A. Murray, Bonita Springs, Florida, for Appellant. Julia C. Dudley, United States Attorney, Jeb T. Terrien, Assistant United States Attorney, Harrisonburg, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brad Everett Ford was convicted after a jury trial of one count of aiding and abetting the possession with the intent to distribute marijuana, in violation of 18 U.S.C. § 2 (2006) and 21 U.S.C. § 841(a)(1), (b)(1)(D) (2006) ("count one"), and one count of aiding and abetting the possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 2, 924(c)(1) (2006) ("count two"). The district court sentenced Ford to 33 months' imprisonment on count one and a consecutive sentence of 60 months' imprisonment on count two, for a total sentence of 93 months' imprisonment. On appeal, Ford asserts that: (1) the district court erred in refusing to grant his motion to suppress evidence and statements arising from a September 2007 traffic stop; (2) the district court erred in denying his Fed. R. Crim. P. 29 motion for judgment of acquittal because the evidence is insufficient to support his convictions; (3) the district court erred in denying his motion for a new trial; and (4) the 93-month prison sentence is substantively unreasonable. Finding no error, we affirm.

As to Ford's challenge to the district court's ruling on the suppression motion, we review de novo the district court's legal conclusions and review for clear error its factual determinations. United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009), cert. denied, 130 S. Ct. 1104 (2010). Because

2

the district court denied the motion to suppress, we construe the evidence in the light most favorable to the Government, the party prevailing below. United States v. Farrior, 535 F.3d 210, 217 (4th Cir. 2008). Ford challenges the district court's denial of his motion to suppress on the ground that Trooper Miller lacked probable cause to search his vehicle.

The Fourth Amendment permits a warrantless search of a vehicle and any containers or compartments found within it, where probable cause exists to search the vehicle. United States v. Ross, 456 U.S. 798, 823-24 (1982); see also California v. Acevedo, 500 U.S. 565, 570 (1991). This court has held that the odor of marijuana, without more, emanating from a properly-stopped vehicle, may provide the requisite probable cause to support the warrantless search of both the vehicle and the baggage therein. See United States v. Scheetz, 293 F.3d 175, 183-84 (4th Cir. 2002) (upholding as valid the search of a knapsack in a car based on officers' detection of odor of marijuana); see also United States v. Humphries, 372 F.3d 653, 659 (4th Cir. 2004) (concluding that a police officer has probable cause to arrest for marijuana possession if the officer "smells the odor of marijuana in circumstances where the officer can localize its source to a person").

Here, Trooper Miller pulled Ford's vehicle over for speeding and changing lanes without signaling, and Ford does not

suggest that Miller acted improperly in doing so. After the vehicle's passenger rolled down his window, Miller smelled the odor of "burnt marijuana" emanating from the vehicle. He searched the vehicle and the bags contained within it based on the marijuana odor. Under prevailing Supreme Court and Fourth Circuit case law, that testimony supports the district court's conclusion that Miller had probable cause to search the inside of the vehicle, as well as the bags contained within it.

Ford also challenges the district court's denial of the motion to suppress on the ground that Trooper Miller did not advise him of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), prior to his admission to Miller that he had smoked marijuana and knew he was going to jail. Statements obtained from a defendant during custodial interrogation are presumptively compelled in violation of the Fifth Amendment, unless the Government shows that law enforcement officers adequately informed the defendant of his Miranda rights and obtained a wavier of those rights. United States v. Cardwell, 433 F.3d 378, 388-89 (4th Cir. 2005). To determine whether a defendant was in custody for purposes of Miranda, courts are to determine "first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave." Thompson v. Keohane,

4

516 U.S. 99, 112 (1995) (footnote omitted). In other words, "[a]n individual is in custody when, under the totality of the circumstances, a suspect's freedom from action is curtailed to a degree associated with formal arrest." United States v. Colonna, 511 F.3d 431, 435 (4th Cir. 2007) (internal quotation marks omitted). Courts view the inquiry objectively, questioning whether "a reasonable [perso]n in the suspect's position would have understood his situation to be one of custody." Id. (internal quotation marks omitted).

We have reviewed the record and conclude that Ford was not in custody when he told Miller that he had smoked marijuana and knew he was going to jail. Although Ford made these statements while sitting in Trooper Miller's police vehicle with its doors closed and the windows shut, the reason for detaining him in that fashion--namely, that the heavy highway traffic and Ford's fast speech made Ford hard to hear when Miller initially talked with him on the highway's shoulder--militated against "whatever coercive elements [we]re otherwise normally attendant" in such a situation. United States v. Manbeck, 744 F.2d 360, 379 (4th Cir. 1984). Additionally, Ford does not point to anything in Miller's demeanor or the way in which he conducted himself that would suggest that Ford was under arrest or being detained as if he were under arrest. Miller never brandished any weapon, had physical contact with Ford, threatened him, or

5

told him that he was under arrest or otherwise not free to leave.  See Manbeck, 744 F.2d at 379 (concluding that defendant was not in custody, in part, because officers did not handcuff, threaten, or pressure defendant).  Further, we reject Ford's attempt to liken his case to Florida v. Royer, 460 U.S. 491, 501-02 (1983), where the Supreme Court held that the defendant was effectively "seized" under the Fourth Amendment where law enforcement officials requested and examined his airline ticket and identification, identified themselves as narcotics agents, told the defendant he was suspected of transporting narcotics, and asked him to accompany them to a police room, while retaining the ticket and identification and without indicating he was free to depart.  Here, Ford was questioned by only one officer and, contrary to his assertion, there is no indication from the record that Trooper Miller retained Ford's driver's license while the two were conversing.  In view of the totality of the circumstances, see United States v. Weaver, 282 F.3d 302, 310 (4th Cir. 2002), we conclude that the district court did not err in denying Ford's motion to suppress.

Ford also contends that the district court erred in denying his Rule 29 motion for judgment of acquittal because the evidence is insufficient to support the jury's verdict.  We review de novo the district court's denial of a Rule 29 motion for judgment of acquittal.  United States v. Reid, 523 F.3d 310,

317 (4th Cir. 2008). A defendant challenging the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). This court will uphold the jury's verdict "if viewing the evidence in the light most favorable to the [G]overnment, it is supported by substantial evidence." Reid, 523 F.3d at 317. "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). In reviewing for substantial evidence, this court considers both circumstantial and direct evidence and allows the Government all reasonable inferences from the facts shown to those sought to be established. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008).

Ford asserts that the evidence is insufficient to support his conviction for count one because the Government failed to prove that he constructively possessed marijuana found in his vehicle. A conviction for possession with the intent to distribute may be based on constructive possession. United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992). "A person may have constructive possession of contraband if he has ownership, dominion, or control over the contraband or the premises or vehicle in which the contraband was concealed."

7

United States v. Herder, 594 F.3d 352, 358 (4th Cir.), cert. denied, 130 S. Ct. 3440 (2010). "Proof of constructive possession requires proof the defendant had knowledge of the presence of the contraband, but constructive possession may be established by either circumstantial or direct evidence. Either way, a fact finder may properly consider the totality of the circumstances surrounding the defendant's arrest and his alleged possession." Id. (internal citations, quotation marks, and alteration omitted).

After review of the record, we conclude that the evidence was sufficient to support Ford's conviction on count one. Ford was the driver and owner of the vehicle and does not contest that he exercised, or had the power to exercise, dominion and control over the drugs found therein. Further, viewed in the light most favorable to the Government, there was ample evidence from which the jury could infer Ford's knowledge of the drugs in the vehicle. Ford was nervous and talking at a high rate of speed to the point of being difficult to understand, admitted to Trooper Miller that anything found in the vehicle was his responsibility, and urged him to place any charges on him for anything found in the vehicle. Additionally, because the evidence is sufficient to support Ford's conviction on count one, we reject his challenge to the sufficiency of the evidence supporting count two, a challenge premised on the

8

argument that the evidence is insufficient to support his conviction on count one, the underlying drug offense.

With respect to Ford's challenge to the district court's denial of his motion for a new trial, we review the district court's denial of a motion for a new trial, even when predicated on an alleged violation of Brady v. Maryland, 373 U.S. 83 (1963), or Giglio v. United States, 405 U.S. 150 (1972), for abuse of discretion. See United States v. Stokes, 261 F.3d 496, 502 (4th Cir. 2001). Under this standard, "[we] may not substitute [our] judgment for that of the district court; rather, we must determine whether the court's exercise of discretion, considering the law and the facts, was arbitrary or capricious." United States v. Mason, 52 F.3d 1286, 1289 (4th Cir. 1995). In Ford's view, the Government's failure to disclose to the defense the entire criminal complaint prepared by Trooper Miller after Ford's arrest contravened Brady.

To secure a new trial on the ground that the Government contravened its obligations under Brady, Ford had the burden of showing that (1) the undisclosed evidence was favorable to him; (2) the evidence was material; and (3) the prosecution possessed the evidence, yet failed to disclose it. Stokes, 261 F.3d at 502. After review of the record, we conclude that Ford fails to make this showing. The criminal complaint Miller prepared was filed in state court and was a

9

court record available to both the Government and Ford, and no record evidence support's Ford's contention that the Government possessed the entire complaint but failed to disclose it to the defense.

Finally, with respect to Ford's sentence, we review it under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. Ford, however, does not contest the procedural reasonableness of his sentence.

In determining whether a sentence is substantively reasonable, this court "tak[es] into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). This court accords a sentence within a properly-calculated Guidelines range an appellate presumption of reasonableness. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [(2006)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Further, "[a] statutorily required sentence . . . is per se reasonable." Farrior, 535 F.3d at 224.

10

Here, the 33-month sentence on count one is within the applicable Guidelines range, see U.S. Sentencing Guidelines Manual (2007), and Ford's citation to data from the United States Sentencing Commission suggesting that a defendant's general risk of recidivism declines with age does not establish that Ford's 33-month prison sentence was unreasonable when measured against the factors listed at § 3553(a). Moreover, Ford's statutorily-required consecutive sentence on count two is per se reasonable. The sentence is substantively reasonable, and we therefore conclude that the district court did not abuse its discretion in sentencing Ford.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

11